## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE NADEAU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION,<br><br>Defendant. | CASE NO. 7:16-cv-7986<br><br>**COLLECTIVE / CLASS ACTION COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

## CLASS / COLLECTIVE ACTION COMPLAINT

Janice Nadeau ("Plaintiff"), by and through her undersigned attorneys, hereby submits the following complaint against Equity Residential Property Management Corporation ("Equity Residential" or "Defendant"), with personal knowledge as to her own actions, and upon information and belief as to those of others:

## NATURE OF THE ACTION

1. This action seeks to redress Defendant's systematic policy and practice of requiring employees to work off-the-clock outside of work hours, without properly tracking this work or paying any wages for it, including overtime wages as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. Law, Art. 19 § 650 *et seq.* ("NYLL"), and Rules and Regulations of the State of New York ("NYCRR") § 142-2.

2. Plaintiff seeks additional redress because Defendant terminated her in retaliation for her attempts to report and remedy Defendant's unlawful practices because she initiated an arbitration before the American Arbitration Association ("AAA").

3.      The FLSA, NYLL and NYCRR require employers to compensate employees for all hours worked, and at an overtime rate for all work completed over 40 hours per week. However, Defendant systematically failed to fully account for the hour worked by non-exempt employees, effectively forcing them to work off-the-clock and thus without due compensation including overtime pay.

4.      Plaintiff brings her FLSA claims against Defendant as a collective action pursuant to 29 U.S.C. § 216 on behalf of all employees Defendant has employed for any length of time during the maximum allowable limitations period, and her NYLL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all New York employees Defendant has employed for any length of time during the maximum allowable limitations period.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from Defendant; there are more than 100 Class members; and the aggregate amount in controversy exceeds $5,000,000.

6.      This Court also has jurisdiction under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 (federal questions jurisdiction), and supplemental jurisdiction over Plaintiff's NYLL and NYCRR claims pursuant to 28 U.S.C. § 1367.

7.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, worked for Defendant in this District and suffered the losses at issue in this District.

## PARTIES

8.     Janice Nadeau is a resident of Yonkers, New York, in Westchester County, who worked full time as a Customer Support Assistant for Defendant from February 24, 2015 to June 10, 2016.

9.     Equity Residential Properties Management Corporation is a Delaware corporation with its principal executive office located in Chicago, Illinois.  Equity Residential maintains several locations throughout the District and various states.

## BACKGROUND FACTS

10.     Plaintiff worked for Equity Residential as a Customer Support Assistant from February 24, 2015 to June 10, 2016.

11.     Plaintiff was employed as a full-time employee and typically paid as though she worked between 32 and 40 hours per week at an hourly rate between $17.00 and $17.21.

12.     Throughout the relevant period, Defendant regularly required employees, including Plaintiff, to read and respond to text messages and phone calls before and after their scheduled work hours.

13.     Throughout the relevant period, and in violation of state and federal law, Defendant knowingly permitted, encouraged, and required Plaintiff to work off-the-clock without properly tracking this work or paying her any wages for it, including overtime wages.

14.     Plaintiff estimates that she worked on average, at least two unpaid hours per week responding to text messages and emails before and after her scheduled work shift.

15.     Defendant was able to avoid tracking this extra time by contacting Plaintiff and employees outside of work hours with work related inquiries and tasks.  Defendant required

Plaintiff and other employees to promptly respond to these off-the-clock texts and emails before their next scheduled work shift.

16. Plaintiff and Defendant's employees were not compensated for time spent reading and responding to Defendant's off-the-clock correspondence.

17. Upon information and belief, Defendant does not have a policy permitting reimbursement for time spent reading and responding to e-mails and text messages outside of work hours. Plaintiff was never informed that she could request payment for off-the-clock time spent responding to Defendant's text messages and emails.

18. After Plaintiff complained of being forced to work off-the-clock, Defendant issued an Employee Counseling Summary Report alleging that Plaintiff had violated company policy by communicating with her supervisor by text message (despite the fact that Plaintiff was responding to her supervisor's text messages and the supervisors routinely communicated by text message) and using inappropriate language.

19. Defendant issued the Employee Counseling Summary Report in retaliation for Plaintiff's complaints about Defendant's unlawful conduct.

20. Shortly thereafter, Plaintiff initiated arbitration with AAA as required in Defendant's company handbook. Plaintiff paid the AAA filing fee, as required by Defendant's company handbook.

21. Defendant then terminated Plaintiff on June 10, 2016.

22. Under the AAA rules, Defendant is required to pay a designated amount toward the AAA arbitration. However, Defendant repeatedly refused to pay the AAA $1,700 filing fee.

23. Defendant's counsel informed Plaintiff on several occasions that Defendant would not pay the required fee.

24. Owing to Defendant's refusal to pay the Defendant's portion of the AAA filing fee, the AAA dismissed Plaintiff's arbitration on July 18, 2016.

25. By refusing to participate in arbitration, Defendant has waived any right to compel arbitration.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of a proposed collective defined to include:

> All non-exempt employees persons Defendant employed during the maximum limitations period that received or responded to one or more off-the-clock communications from Defendant.

27. Plaintiff reserves the right to modify the proposed collective definition at a later stage of litigation.

28. Plaintiff is a member of the proposed collective she seeks to represent because she worked for Defendant as a Customer Support Assistant during the relevant period and suffered the overtime violation alleged above relating to time work in excess of her 40 hour work week.

29. This action may be properly maintained as a collective action on behalf of the putative Class because, during the relevant period:

   a. Plaintiff and the Class members had the same employers;

   b. Plaintiff and the Class members were governed by the same compensation policies, practices and systems;

   c. Plaintiff and the Class members were subjected to the same policies relating to the required off-the-clock work;

   d. Plaintiff and the Class members were governed by the same payroll policies, practices and systems;

30. Plaintiff estimates that the collective group, including both current and former employees over the relevant period, will include at least 500 members. The precise number of members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and/or the posting of written notices at Defendant's work sites.

## STATE LAW CLASS ACTION ALLEGATIONS

31. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and the following Class of similarly-situated individuals:

> All non-exempt employees Defendant employed in New York during the maximum limitations period that received or responded to one or more off-the-clock communications from Defendant (the "New York Class").

32. The New York Class specifically excludes Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise control or controlled; any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant; and the Court and Court personnel.

33. The Class is so numerous that joinder of all members is impracticable. The number and identity of class members may be determined by Defendant's records, but the class size very likely exceeds 200 people.

34. There are substantial questions of fact and law common to Plaintiff and all Class members, including, *inter alia*:

    a. Whether Defendant required Plaintiff and the Class members to read and respond to e-mail and text messages outside of normal work hours without compensation;

    b. Whether Defendant violated the NYLL and NYCRR by failing to pay Plaintiff and the Class members wages to compensate them for work performed outside, and in addition to, their normal work hours;

    c. Whether Defendant was unjustly enriched by failing to properly compensate Plaintiff and employees; and

    d. Whether Plaintiff and other similarly situated employees of Defendant are entitled to additional wages based on a theory of unjust enrichment.

35. Plaintiff's claims are typical of the Class.

36. Plaintiff will fairly and adequately protect the interests of the Class. Her claims span the breadth of issues raised in this action.

37. Plaintiff's counsel are appropriately qualified to represent the Class as Class Counsel.

38. Joinder of Class members' individual actions is impractical because of the limited ability of individual Class members to institute separate suits and the general nature of the underlying action and relief sought. The prosecution of separate actions by individual Class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendant.

39. Defendant have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

40. Defendant's liability for damages can be established by facts and circumstances common to the Class as a whole and does not require the examination of the Plaintiff's individual circumstances.

41. Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

42. A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because: (A) the common interests of the Class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation between the parties is currently pending in court; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the issues raised; and (D) there will be no significant difficulties in managing an action involving this Class.

## **CLAIMS FOR RELIEF**

### **COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT**
### **(On Behalf Of The FLSA Collective)**

43. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

44. Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

45. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1).

46. The wages Defendant paid to Plaintiff and the collective group members are "wages" as defined by 29 U.S.C. § 203(m).

47. Defendant is an "enterprise" engaged in commerce within the meaning of 29 U.S.C. § 203(r).

48. Plaintiff and the collective group members are similarly situated individuals within the meaning of 29 U.S.C. §216(b) with the FLSA's requirements, and Plaintiff and the collective group members were covered employees entitled to the FLSA's protections.

49. Defendant failed to compensate Plaintiff and other similarly situated employees to perform off-the clock work. Plaintiff and the collective group members were required to read and respond to e-mails and text messages, off-the-clock, and the result is that they worked for Defendant for more than 50 hours in some weeks but not paid overtime in violation of FLSA, 29 U.S.C. § 207(a)(1).

50. Throughout the relevant period, Defendant paid Plaintiff at a rate between $17.00 and $17.21 per hour.

51. Throughout the time period, Defendant was obligated to comply with the FLSA requirements, Plaintiff was a covered employee entitled to the FLSA's protections, and Plaintiff was not exempt from receiving wages required by the FLSA for any reason.

52. Defendant violated the FLSA by knowingly permitting Plaintiff to work off-the-clock after her scheduled hours without properly tracking this work and paying a properly-calculated overtime premium wage for each overtime hour she worked in excess of a 40 hour work week.

53. In failing to ensure that Plaintiff actually received all overtime wages owed, Defendant acted knowingly and with reckless disregard of clearly applicable FLSA provisions.

54. Defendant has no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the FLSA.

55. Pursuant to the FLSA, Plaintiff is entitled to recover from Defendant the unpaid overtime wages and liquidated damages equal in amount Plaintiff and the collective group's unpaid overtime wages, plus attorney's fees and costs.

### COUNT II - VIOLATION OF NEW YORK LABOR LAW §§ 650 *et seq.*
### (On Behalf Of The NYLL Class)

56. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

57. NYLL § 652 requires that every employee must be paid for "each hour worked" by their employer.

58. Through their conduct described above, Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

59. At all relevant times, Plaintiff and the Class members have been employees of Defendant, and Defendant has been the employer of Plaintiff and the Class members within the meaning of the NYLL §§ 650 *et seq*.

60. Through its knowing or intentional failure to pay agreed upon hourly wages to Plaintiff and the Class members, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq*.

61. Defendant regularly required Plaintiff and Class members to work off-the-clock without due compensation.

62. Plaintiff and the collective group were required to read and respond to e-mails and text messages outside of work hours and were not paid to do so.

63. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

64. NYLL § 663(1) further provides that Plaintiff and all other class members are entitled to an award of their costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

65. Under NYLL § 663(1), Defendant is liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendant cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

66. Due to Defendant's willful violations of the NYLL, Plaintiff and the Class members are entitled to recover from Defendant their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III - VIOLATION OF THE NYLL § 650 AND NYCRR § 142-2
### (On Behalf Of The NYLL Class)

67. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

68. Through their conduct described above, Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

69. At all relevant times, Plaintiff and the Class members have been employees of Defendant, and Defendant has been the employer of Plaintiff and the Class members within the meaning of the NYLL §§ 650 *et seq*.

70. Through it's knowing or intentional failure to pay overtime wages to Plaintiff and the Class members, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

71. NYLL § 650 *et seq.* confers power upon the Commissioner of Labor and the wage board to recommend regulations with respect to overtime rates.

72. Accordingly, NYCRR § 142-2 provides for overtime rate compensation within the state of New York.

73. Plaintiff and the Class members are "Employees" as defined by NYCRR § 142-2.14.

74. NYCRR § 142-2.2 requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employees regular rate . . ." in accordance with, and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended.

75. Defendant failed to pay Plaintiff and the collective group members the required overtime rate when their off-the-clock combined with their regularly scheduled work resulted in more than 40 hours per week.

76. Accordingly, Plaintiff performed work for which she was not properly compensated, and work of which Defendant had actual or constructive knowledge.

77. Defendant has no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the NYCRR.

78. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

79. NYLL § 663(1) further provides that Plaintiff and all other Class members are entitled to an award of their costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

80. Under NYLL § 663(1) Defendant is liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendant cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

### COUNT IV- VIOLATION OF NEW YORK LABOR LAW §§ 190 *et seq.*- FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

**(On Behalf Of NYLL Class)**

81. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

82. Defendant failed to supply Plaintiff and the Class members with accurate statements of wages as required under the NYLL, Article 6, § 195(3). Specifically, Defendant failed to provide an accurate number of hours worked by Plaintiff and the Class members because Defendant failed to list the time Plaintiff and the Class worked during their break times.

83. Through their knowing or intentional failure to provide Plaintiff and the Class members with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

84. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

### COUNT V - VIOLATION OF THE FAIR LABOR STANDARDS ACT § 215

**(On Behalf Of Plaintiff Nadeau)**

85. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

86. Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

87. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1).

88. This count arises from Defendant's violation of FLSA, 29 U.S.C. § 207(a)(1), making it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA.

89. Plaintiff was an employee in good standing, with generally positive performance reviews and almost 1.5 years of experience working for Defendant.

90. On May 3, 2016, Plaintiff's manager contacted her outside of work hours regarding her mandatory attendance at an after hours work related event.

91. Plaintiff responded to her manager's off-the-clock correspondence and expressed that she was displeased with the company's practices.

92. On May 4, 2015, Plaintiff's manager wrote her up for an alleged violation of company policy.

93. Plaintiff did not agree that she violated company policy and opted to initiate AAA Arbitration as required by Defendant's employee handbook.

94. In accordance with Defendant's policies, Plaintiff paid her portion of the AAA filing fee.

95. Defendant terminated Plaintiff on June 10, 2016, and her employer noted that her termination was due to violation of company policy.

96. Defendant subsequently and repeated refused pay its share of the AAA filing fee, as required under AAA rules.

97. Plaintiff was fired because she initiated AAA arbitration against Defendant, as well as for her opposition to Defendant's off-the-clock and overtime policies. The reasons offered to Plaintiff for her termination were a mere pretext.

**COUNT VI – VIOLATION OF NEW YORK LABOR LAW § 215**

**(On Behalf Of Plaintiff Nadeau)**

98. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

99. Defendant is an "Employer" as defined by N.Y. Lab. Law § 2.

100. Plaintiff is an "Employee" as defined by N.Y. Lab. Law § 2.

101. This count arises from Defendant's violation of N.Y. Lab. Law § 215(1)(a), by taking a prohibited retaliatory action, specifically termination of employment, against Plaintiff because she made a complaint and initiated AAA arbitration.

102. Plaintiff was an employee in good standing, with positive performance reviews and almost 1.5 years of experience working for Defendant.

103. On May 4, 2016, Plaintiff's manager wrote her up for an alleged violation of company policy.

104. Plaintiff did not agree that she violated company policy, and shortly after she opted to initiate an AAA Arbitration as required by Defendant's employee handbook.

105. In accordance with Defendant's policies, Plaintiff paid her share of the AAA filing fee.

106. Plaintiff was subsequently terminated on June 10, 2016.

107. Defendant subsequently, and repeated refused pay its share of the AAA filing fee, as required under AAA rules.

108. Plaintiff believes that she was fired because of this opposition, to Defendant's overtime policies as well as her initiation of her AAA arbitration against Defendant. The reasons offered to Plaintiff for her termination were a mere pretext.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for an Order:

A. certifying this matter to proceed as a class action;

B. approving Plaintiff as Class representative of the proposed Class;

C. appointing Finkelstein, Blankinship, Frei-Pearson & Garber, LLP to serve as Class Counsel;

D. requiring Defendant to provide the names and current (or best known) addresses of all members of the identified Collective and Class;

E. authorizing Class Counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F. finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiff and the collective group members;

G. finding that Defendant willfully violated the applicable provisions of the NYLL by failing to pay all required wages to Plaintiff and the New York Class members;

H. granting judgment in favor of Plaintiff and the members of the collective group and Class on all Counts;

I. awarding all available compensatory damages in an amount to be determined;

J. awarding all available statutory damages;

K. awarding an equal amount of liquidated damages as provided by the FLSA;

L.  awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

M.  awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

N.  awarding any further relief the Court deems just, necessary and proper;

O.  granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

P.  maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby demands a jury trial in the above-captioned matter.

Dated: October 12, 2016

        Respectfully submitted,

        */s/ Jeremiah Frei-Pearson*

        JEREMIAH FREI-PEARSON
        D. GREG BLANKINSHIP
        DIFIE OSBORNE
        Finkelstein, Blankinship,
        Frei-Pearson & Garber, LLP
        445 Hamilton Avenue, Suite 605
        White Plains, New York 10601
        Telephone: (914) 298-3281
        Facsimile: (914) 824-1561
        jfrei-pearson@fbfglaw.com
        gblankinship@fbfglaw.com
        dosborne@fbfglaw.com

        *Attorney for Plaintiff and the Putative Class*