# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

Andrew G. Finkelstein, P.C. (NY & NJ) *
D. Greg Blankinship (NY & MA)
Jeremiah Frei-Pearson (NY)
Todd S. Garber (NY & CT)
———
Andrew White (NY)
Antonino Roman (NY)
Difie Osborne (NY & NJ)
John Sardesai-Grant (NY)
**Of Counsel**
George M. Levy (NY)
Duncan W. Clark (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
Ronald Rosenkranz (NY) *
Steven Lim (NY)

George A. Kohl, II (NY & MA)
Eleanor L. Polimeni (NY)
Andrew L. Spitz (NY)
Thomas C. Yatto (NY)
Elyssa M. Fried-DeRosa (NY)
James W. Shuttleworth, III (NY)
David E. Gross (NY & NJ) *
Mary Ellen Wright, R.N. (NY) *
Kenneth B. Fromson (NY, NJ & PA) *
Nancy Y. Morgan (NY, NJ & PA) *
Lawrence D. Lissauer (NY)
Michael T. McGarry (NY)
Victoria Lieb Lightcap (NY & MA) *
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)

Kara L. Campbell (NY & CT)
Silvia Fermanian (NY)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Elizabeth A. Wolff (NY & MA)
Robert E. Borrero (NY)
Christine Khalili-Borna Clemens (NY & CA)
Brian D. Acard (NY)
Nicholas Maiorano (NY & NJ)
Vincent J. Pastore (NY)
Andrew J. Genna, LLM (NY & PA)
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ) *
Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)
Kenneth Cohen (NJ) *

David Akerib (NY)
Edward M. Steves (NY)
Frances M. Bova, R.N. (NY & NJ)
Mark B. Hudoba (NY)
Gustavo W. Alzugaray (NY)
Sharon A. Scanlan (NY & CT)
Marc S. Becker (NY)
Antonio S. Grillo (NY & NJ)
Aparna Anantharaman (NY)
Vincent J. Rossillo (NY)
Pamela Thomas (NY & CT)
Donald A. Crouch (NY & CT)
Karen O'Brien (NY)
Jennifer Safier (NY & NJ)
Thomas P. Welch (NY)
David Stauber (NY)

Annie Ma (NY & NJ)
Howard S. Lipman (NY)
Noreen Tuller, R.N. (NY)
Cristina L. Dulay ( NY & NJ )
Justin M. Cinnamon (NY & CT)
Robin N. D'Amore (NY)
Nicole Murphy (NY)
Rodrigo Arcuri (NY)
Marigold T. Bridgeman (NY)
Melanie D. Sanders (NY)
Kevin D. Burgess (NY)
Warren C. George (NY)
Frank R. Massaro (NY)
Kenneth G. Bartlett (CT & NJ)

*** The Neurolaw Trial Group**

November 22, 2016

<u>Via ECF</u>

Hon. Vincent L. Briccetti
United States District Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:   *Nadeau v. Equity Residential Properties Management Corporation*,
             Case No. 7:16-cv-7986

Dear Judge Briccetti:

      We are counsel for Plaintiff Janice Nadeau in this putative class and collective action and write in response to Defendant's November 21 letter requesting a stay of deadlines pending Defendant's motion to compel arbitration. The Court should deny Defendant's request because each of the three factors courts consider to determine whether a stay should be granted militates against Defendant's request. Defendant has not shown that its motion to compel arbitration will succeed, that it would be burdened by participating in litigation, or that further delay would not unfairly prejudice Ms. Nadeau. In fact, Defendant's motion to compel arbitration borders on frivolous because Defendant refused to participate in arbitration when Ms. Nadeau properly initiated arbitration and thus has breached the arbitration agreement it seeks to enforce and waived its right to compel arbitration. Defendant has already delayed Ms. Nadeau's attempts to address its unlawful practices by refusing to engage in arbitration and Defendant should not be permitted to create further delay by staying this case.

Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • White Plains

Phone: (914) 298-3281  Fax: (914) 824-1561  www.fbfglaw.com

1279 ROUTE 300, P.O. BOX 1111

NEWBURGH, NY 12551

445 HAMILTON AVE., SUITE 605
WHITE PLAINS, NY  10601

## I. Legal Standard

When exercising the discretion conferred under Rule 26(c) in response to a motion to stay during the pendency of a potentially dispositive pre-answer motion, a court must determine whether the party seeking the stay has established the existence of "good cause" for the requested delay. Fed. R. Civ. P. 26(c). Motions to stay based solely upon the pendency of a pre-answer dispositive motion are disfavored. *See Moran v. Flaherty*, No. 92-3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *accord Arbercheski v. Oracle Corp.*, No. 05-0591, 2006 WL 1738046, at *2 (S.D.N.Y. June 26, 2006) (reflecting that the court denied defendant's motion to stay pending resolution of its motion to compel arbitration).

The factors that inform the analysis of whether to grant a stay pending resolution of a potentially dispositive pre-answer motion are (1) the strength of the motion; (2) the burden of participating in the litigation while the motion is pending; and (3) any unfair prejudice which may be suffered by the party seeking to litigate. *See OMG Fid., Inc. v. Sirius Technologies, Inc.*, 239 F.R.D. 300, 304 (N.D.N.Y. 2006). In this case, all three factors militate against a stay. Defendant's motion is infirm; the burden of participating in the litigation is minimal; and Ms. Nadeau would be prejudiced if Defendant were allowed to further delay the prosecution of her claims.

## II. Defendant's Motion To Compel Arbitration Is Without Merit

Defendant's motion to compel arbitration must be denied because Defendant breached and waived its rights under the very arbitration agreement it now seeks to enforce. The relevant facts reflect that Defendant has abused the arbitration process and can not now evade this Court's jurisdiction.

Ms. Nadeau complained to her supervisor about Defendant's unlawful policy of forcing her and her colleagues to work off the clock. Defendant retaliated against her by issuing a formal reprimand. Ms. Nadeau then initiated arbitration with the American Arbitration Association ("AAA"), as is required by Defendant's handbook. Shortly after Ms. Nadeau initiated arbitration, Defendant further retaliated against her by firing her. Defendant refused to pay its required arbitration fees to the AAA and made plain that it would not participate in arbitration. After Defendant rejected multiple requests from the AAA and from Ms. Nadeau to pay its share of the filing fee and participate in arbitration, the AAA dismissed Ms. Nadeau's arbitration due to Defendant's nonparticipation and nonpayment. *See* July 18 2016 Correspondence from AAA to Parties, attached as Exhibit 1 ("The employer has failed to submit payment as requested in accordance with our Employment Arbitration Rules . . . accordingly, we have administratively closed our file on this matter. . . . Because the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matter involving [Defendant]"). Ms. Nadeau then brought this lawsuit. To date, Defendant's counsel has refused to confer directly with Plaintiff's counsel about discovery, scheduling or mediation in this lawsuit (except when Defendant's counsel requested an extension of Defendant's time to respond to the complaint), on the ironic grounds that this case purportedly belongs in arbitration.

Courts have repeatedly held that when a party fails to participate in arbitration it cannot subsequently use the arbitration agreement it breached to compel the non-breaching party to arbitrate. *See, e.g.*, *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1013 (9th Cir. 2005) (holding that an employer who refused to participate in an employee-initiated arbitration cannot move to compel arbitration when the employee then brings an action in court; stating that "we hold that when an employer enters into an arbitration agreement with its employees, it must itself participate in properly initiated arbitration proceedings or forego its right to compel arbitration."); *Growtech Partners v. Accenture LLP*, 118 F. Supp. 3d 920, 946 (S.D. Tex. 2015) (holding that a party cannot refuse to participate in arbitration and then move to compel arbitration when the other party files suit); *Noodles Dev., LP v. Latham Noodles, LLC*, No. 09-01094, 2011 WL 204818, at *2 (D. Ariz. Jan. 20, 2011) (same).

As the Ninth Circuit explained in a case that is on all fours, to hold otherwise would encourage "a dark side of our nation's policy in favor of arbitration", *Dillard's*, 430 F. 3d at 1013 and, "would set up a perverse incentive scheme. Employers [] would have an incentive to refuse to arbitrate claims brought by employees in the hope that the frustrated employees would simply abandon them. This tactic would be costless to employers if they were allowed to compel arbitration whenever a frustrated but persistent employee eventually initiated litigation." *Id.* at 1012. Rewarding this tactic would be contrary to the national policy favoring arbitration as it would only "encourage companies to refuse to participate" in arbitration. *Id.*

Defendant may not now compel arbitration after having previously refused to participate in the arbitration that Ms. Nadeau properly initiated. Accordingly, Defendant's motion to compel arbitration has little merit and should be denied.[1] This meritless motion provides no grounds to stay this litigation.

## III. Defendant Has Not Shown That Participating In The Litigation Would Be Burdensome

If granted, Defendant's motion to stay would delay Defendant's obligations under Rule 26,[2] Court-ordered mediation, and scheduling. None of these obligations are particularly burdensome. In fact, even in the unlikely event that Defendant's motion to compel arbitration were successful, the arbitration would only be more efficient if the parties had already exchanged information required under Rule 26. Similarly, the mediation ordered by the Court can not be harmful and may assist the parties in resolving this matter.

## IV. Plaintiff Would Suffer Prejudice If A Stay Is Granted

Wisely, Defendant does not even attempt to argue that Plaintiff would not suffer

---

[1] It is telling that Defendant's motion to compel arbitration, Dkt. Nos. 16-18, does not even attempt to address Defendant's waiver, especially given that Plaintiff's Complaint makes plain that Defendant waived its right to compel arbitration. *See* Dkt. No. 1 at ¶¶ 20-25. Moreover, Plaintiff's counsel described Defendant's waiver to Defendant's counsel during a phone call where Plaintiff's counsel tried (unsuccessfully) to confer with Defendant's counsel about discovery and scheduling.

[2] Although Rule 26 requires a Rule 26 conference "as soon as practicable", Defendant has to date avoided Plaintiff's attempts to engage in a Rule 26 conference

prejudice if a stay is granted. Indeed, the Second Circuit has held that "prejudice to [a party] resulting from [an] unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also S.E.C. v. Jones*, No. 04-4385, 2005 WL 2837462 at *2 (S.D.N.Y. Oct. 28, 2005) (denying request to stay because "[s]tays in proceedings may result in prejudice to plaintiffs because '[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end.'") (citations omitted). Here, a stay would be particularly prejudicial to Ms. Nadeau, as she has been attempting to engage Defendant in legal proceedings for the better part of the year. Ms. Nadeau would be unfairly prejudiced if this Court allows Defendant to stay the case pending consideration of Defendant's attempt to enforce an arbitration agreement that Defendant has already used to Ms. Nadeau's prejudice when Defendant refused to arbitrate at the time Ms. Nadeau properly initiated arbitration.

      For the above stated reasons, Plaintiff respectfully submits that the Court should deny Defendant's request for a stay.

Respectfully Submitted,

Jeremiah Frei-Pearson

cc: All Counsel (via ECF)