UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE NADEAU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION,<br><br>Defendant. | Case No. 7:16-cv-7986-VB-LMS |

**DECLARATION OF JANICE NADEAU
IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

I, Janice Nadeau, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, the following:

1. I have personal knowledge of the matters set forth herein.

2. I am the Plaintiff in the above-captioned action.

3. I respectfully submit this Declaration in opposition to Defendant Equity Residential Properties Management Corporation ("Defendant" or "Equity")'s Motion to Compel Arbitration.

4. From approximately February 24, 2015, to June 10, 2016, I worked for Equity as a Customer Support Assistant. I was employed as a full-time employee and typically paid as though I worked between 32 and 40 hours per week at an hourly rate between $17.00 and $17.21.

5. On or about February 24, 2015, I executed an Arbitration Agreement.

6. Throughout my employment, Equity regularly required employees, including myself, to read and respond to text messages and phone calls before and after our scheduled work hours.

7. Throughout my employment, Equity knowingly permitted, encouraged, and required me to work off-the-clock without properly tracking this work or paying me any wages for it, including overtime wages.

8. I estimate that I worked, on average, at least two unpaid hours per week responding to text messages and emails before and after my scheduled work shift.

9. Equity was able to avoid tracking this extra time by contacting me and other employees outside of work hours with work related inquiries and tasks. Equity required me and other employees to promptly respond to these off-the-clock texts and emails before our next scheduled work shift.

10. Neither I, nor Equity's other employees were compensated for time spent reading and responding to off-the-clock correspondence.

11. On or about May 3, 2016, after receiving text messages from my supervisor instructing me to attend a company event off-the-clock, I responded with text messages complaining of being forced to work off-the-clock and without compensation.

12. On or about May 17, 2016, after I complained of being forced to work off-the-clock, Equity issued an Employee Counseling Summary Report alleging that I had violated company policy by communicating with my supervisor by text message (despite the fact that I was responding to my supervisor's text messages and the fact that supervisors routinely communicated by text message) and using inappropriate language.

13. Shortly thereafter, I initiated arbitration with the AAA, as required by the Arbitration Agreement.

14. Pursuant to the applicable AAA rules, Equity was obliged to pay the entirety of its portion of the filing fee as soon as I met my filing requirements.  Attached as **Exhibit 1** is a true and correct copy of the Employment Arbitration Rules and Mediation Procedures - January 1, 2016 ("AAA Rules") which states, under "Costs of Arbitration (including AAA Administrative Fees," that "[a] non-refundable fee in the amount of $1,500 is payable in full by the employer, unless the plan provides that the employer pay more" and that "[t]he employer's share is due as soon as the employee meets his or her filing requirements, even if the matter settles."

15. Equity, however, repeatedly refused to pay its filing fee to the AAA or participate in the arbitration.

16. On June 3, 2016, the AAA informed me that Equity had not yet paid its portion of the filing fees for the arbitration.  Attached as **Exhibit 2** is a true and correct copy of a June 3, 2016 correspondence between the AAA and me in which the AAA states that "[w]e are still waiting for [Defendant's] portion of the filing fee.  We have asked they remit their portion by June 6, 2016."

17. On Friday, June 10, 2016, Equity terminated my employment.  Attached as **Exhibit 3** is a true and correct copy of the June 10, 2016 termination letter from Equity to me (with handwritten notes to my counsel redacted).  I believe that Equity's stated reasons for the termination were pretextual, and that I was fired in retaliation for complaining about Equity's unlawful wage policies and for initiating arbitration before the AAA.

18. On Monday, June 13, 2016, Ms. Lisa Leib, Defendant's Vice-President – Legal, and I conferred via phone regarding my claim before the AAA.

19. On June 20, 2016, the following Monday, Ms. Leib reached out to me regarding my claims. Attached as **Exhibit 4** is a true and correct copy of June 20-23, 2016 correspondence between Defendant and me in which we discuss the arbitration I initiated with the AAA against Equity.

20. On June 22, 2016, I reminded Ms. Leib that the AAA was in contact with Equity directly and that the AAA "[was] awaiting payment to start the process." (Ex. 4 at 3.) In response, Ms. Leib admitted that Equity had yet to pay the AAA filing fee (believed by her to be $1700 plus applicable taxes) and offered instead to pay the applicable fee to me in settlement of my claims. (*Id.* at 2-3.)

21. On June 23, 2016, I declined Equity's settlement offer and again asked Ms. Leib to "please pay [the] AAA" so that arbitration could commence. (*Id.* at 2.) Despite my clearly stated desire to proceed with arbitration, Equity persisted in its efforts to avoid participation in arbitration, forcing me to tell Ms. Leib that "at this point[,] I prefer to have everything documented and addressed through [the] AAA." (*Id.*)

22. On July 18, 2016, owing to Defendant's refusal to pay its portion of the AAA filing fee, the AAA dismissed Plaintiff's arbitration. Attached as **Exhibit 5** is a true and correct copy of July 18 2016 correspondence from the AAA to Parties in which it states that "[t]he employer has failed to submit payment as requested in accordance with our Employment Arbitration Rules . . . ; accordingly, we have administratively closed our file on this matter. . . . Because the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matter involving [Defendant]."

23. Equity having refused to arbitrate my claims, despite my duly initiating arbitration proceedings with the AAA, I retained counsel and, on October 12, 2016, filed my Complaint against Equity with this Court, alleging violations of the Fair Labor Standards Act (Counts I & V) and the New York Labor Law (Counts II, III, IV & VI).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____12/21/2016_____

_____Janice Nadeau _*Janice Nadeau*_
Janice Nadeau