UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
JANICE NADEAU, individually and on
behalf of all others similarly situated,

        Plaintiff,

   v.

EQUITY RESIDENTIAL PROPERTIES
MANAGEMENT CORPORATION,

        Defendant.

---------------------------------------------------------X

INDEX NO.: 7:16-CV-07986-VLB-LMS

ORAL ARGUMENT REQUESTED

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO COMPEL ARBITRATION

Of Counsel:

Amy J. Traub
Baker & Hostetler LLP
45 Rockefeller Plaza, 14th Floor
New York, NY  10111
Telephone:    212.589.4200
Facsimile:    212.589.4201

John C. McIlwee (*pro hac vice*)
191 N. Wacker Dr., Ste. 3100
Chicago, IL  60606
Telephone:    312.416.6200
Facsimile:    312.416.6201

*Attorneys for Defendant*

**PRELIMINARY STATEMENT**

In May 2016, Plaintiff Janice Nadeau ("Plaintiff") received a written reprimand for sending a text to her boss and co-workers in which she used the f-word and the s-word. She was not fired. But, thinking the reprimand to be unwarranted, Plaintiff sought an arbitration with the American Arbitration Association ("AAA"). Knowing that AAA arbitrations are not intended to parse the language to be used in a manager's write-up of an employee, Defendant Equity Residential Properties Management Corporation ("Defendant")[1] declined to engage in the "reprimand arbitration." For many months, Plaintiff decided to let it go.

In her opposition to Defendant's motion to compel arbitration of this wage and hour dispute, Plaintiff claims that Defendant is barred from invoking its contractual right to arbitrate this dispute because it declined to arbitrate the May reprimand. The precise legal basis for this claimed prohibition is not clear, but Plaintiff advances a factual theory that her prior AAA demand was for the same claim made in her Complaint. No evidence of this perfect match is offered nor any logic that sustains it. However, this much is plain: <u>If</u> Plaintiff wanted to arbitrate her claim in May and if it is, in her mind, the same claim, then she should not be opposing arbitration now because it is exactly what she has always wanted. On the other hand, if the two claims are distinct and different (as they appear to

---

[1] The named defendant in this lawsuit (Equity Residential Properties Management Corporation) is a wholly-owned subsidiary of a Maryland real estate investment trust, Equity Residential. (*See* Docket Entry No. 18 ¶ 2.) Equity Residential Properties Management Corporation did not employ Plaintiff. (*See id.* ¶ 3.) This fact does not affect this motion, however, because the named defendant is included within the definition of "Company," as used to describe Plaintiff's counterparty in the arbitration agreement. (*See id.,* Docket Entry No. 18-3, at p. 3.) This broad definition was accepted by Plaintiff when she signed her acknowledgement and agreement to be bound by the employee handbook. (*See* Docket Entry No. 18-4.)

1

be on their face), then what happened with the reprimand arbitration demand has no legal bearing on what should happen with this case.

In short, Plaintiff's own arguments lead to only one conclusion here: arbitration must be compelled.

## REPLY ARGUMENT

I.  **Plaintiff's Arbitration Demand Addressed A Different Claim That Did Not Fall Within The Arbitration Agreement.**

The linchpin of Plaintiff's opposition brief is her May 2016 arbitration demand ("Demand").[2] One look at the Demand reveals why Plaintiff did not provide a copy of it to the Court—the Demand neither encompasses the allegations pleaded in this lawsuit nor states an arbitrable claim. The space provided for describing the nature of each claim, to be alleged "[i]n detail," mentions a single "write up" Plaintiff received for "language used in a text." The full claim is described as follows:

> In detail, please describe the nature of each claim. You may attach additional pages if necessary: Recieved a formal "write up" (counseling) because my language used in a text, after my manager while I was off texted me first to explain I had to go to what she said was a mandatory outing.
>
> Other Relief Sought: ☐ Attorneys Fees  ☐ Interest  ☒ Arbitration Costs  ☐ Punitive/Exemplary  ☐ Other

(Traub Reply Aff., Exhibit ("Ex."), A.) On its face, the Demand is devoid of any allegations, claims, or complaints of the nature alleged in this suit—namely, a failure to pay Plaintiff for reading and responding to text messages after hours. (*See id.*) The box marked "Claim involves: Statutorily Protected Rights" is unchecked. (*Id.*) The box for "Non-Statutorily

---

[2] Because the Court must see the Demand, which constitutes an admission by a party-opponent, Defendant has attached it as Exhibit A to the Reply Affirmation of Amy J. Traub, Esq. ("Traub Reply Aff."). *See I. Meyer Pincus & Assocs. V. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir. 1991) ("[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading"); *U. S. v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("The law is quite clear that such pleadings constitute the admissions of a party-opponent and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party.").

Protected Rights" is similarly unmarked. (*See* Traub Reply Aff., Ex. A.) In addition, the Demand is neither signed nor dated, as required. (*Id.*) Had the Demand been procedurally proper and reasonably intelligible, and had it invoked the issues now reflected in her Complaint, Defendant would have paid the fee and arbitrated. However, as crafted, the Demand did not describe any dispute and, presumably, was nothing more than a request for an opportunity to vent over a reprimand that did not sit well with Plaintiff.

The parties' arbitration agreement applies only to "certain types of employment-related disputes." (Docket Entry No. 18-2, at p. 3.) A counseling or "write up" for using bad language is not among the enumerated "types" of claims that may be submitted to arbitration, particularly where no rights—statutorily protected or not—are alleged to have been violated. (*Id.*) As Plaintiff acknowledged at the outset of her employment (*see* Docket Entry No. 18-4, at pp. 2-3, Employee Handbook Acknowledgement, at pp. 1-2.), a less formal and less costly procedure existed for other indignities—communication first with a supervisor and, if unsuccessful, with higher levels of management or with Human Resources (*see* Docket Entry No. 18-3, at p. 6, 2015 Employee Handbook, at p. 12).

Plaintiff chose the wrong path for seeking satisfaction over her reprimand. Arbitration is only mandatory where: (1) the parties agreed to arbitrate; (2) *the agreement covers the claims at issue*; and (3) Congress permits those claims to be decided in arbitration. *See Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 562-63 (S.D.N.Y. 2013) (Briccetti, J.) (emphasis added).) "[Defendant] cannot be required to submit to arbitration any dispute which it has not agreed to submit." *Republic of Ecuador v. Chevron Corp.*, 638

F.3d 384, 392 (2d Cir. 2011). Here, Defendant did not agree to arbitrate the propriety of a write up for misbehavior. (*See* Docket Entry No. 18-3, at p. 6.) Thus, that arbitration has no bearing on the merits of Defendant's request in this case.

II.     **Defendant Has Not Waived Its Right To Arbitrate This Case.**

Waiver is the intentional relinquishment of a known right. *See Richard Nathan Corp v. Diacon-Zadeh*, 101 F. Supp. 428, 429 (S.D.N.Y. 1951). "A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *In re Currency Fee Antitrust Litig.*, 229 F.R.D. 57, 60 (S.D.N.Y. 2005). Plaintiff does not meet her burden.

Here, Plaintiff appears to argue that Defendant "knew" that her demand for arbitration over her reprimand was the exact same as her wage and hour claim. How exactly Defendant was to divine this from the face of the Demand is never explained, and the Demand itself clearly does not support such an inference. Therefore, no "waiver" of rights is possible because the elemental requirement of knowledge is missing. Next, Defendant's unwillingness to engage in a farcical AAA arbitration over a reprimand is not inconsistent with invoking AAA arbitration over purported wage and hour violations. Lastly, mere assertions of prejudice (*see* Docket Entry No. 26, at p. 12) are not equal to showing prejudice. A mere lapse of time is not enough to show prejudicial delay. *See, e.g., Media Edge v. W.B. Doner, Inc.*, 112 F. Supp. 2d 383, 385 (S.D.N.Y 2000) (no prejudice where 10-month delay transpired between motion to compel arbitration and filing of lawsuit). Spending money to file suit is not evidence of prejudicial costs and fees. *See, e.g.,*

4

*LG Elecs., Inc. v. Wi-Lan USA, Inc.*, 623 F. App'x 568, 570 (2d Cir. 2015) (fees inherent in litigation are not prejudicial and do not support waiver). And as for evidentiary prejudice, Plaintiff has failed to identify a single piece of evidence that has been lost or a witness who is no longer available. *See Metso Minerals, Inc. v. Powerscreen Int'l Distribution Ltd.*, 833 F. Supp. 2d 321, 329 (E.D.N.Y. 2011) (defining evidentiary prejudice as when loss of records or unavailability of evidence prevents party from proving claim or defense). Plaintiff has utterly failed to meet her burden of establishing that Defendant waived its contractual right to arbitrate.

**III.     Plaintiff's Cases Do Not Establish Breach or Default and Have No Application To The Facts of This Case.**

The Court has no reason to rely on Plaintiff's cases. First, *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005) is not the law of this circuit; it is the law of the Ninth Circuit. In *Brown*, the Ninth Circuit accepted plaintiff's allegations as true in deciding the issue of whether to compel arbitration (*see* 430 F.3d at 1006), whereas Second Circuit jurisprudence requires factual support akin to Federal Rule of Civil Procedure 56. *See, e.g., Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (charging district court with error for accepting allegations regarding question of arbitrability as true). While Plaintiff might pass muster under the Ninth Circuit standard, she fails to meet the Second Circuit standard. Moreover, *Brown* is not "on all fours" with this case, as Plaintiff argues. In *Brown*, the plaintiff demanded arbitration with her employer to resolve a wrongful termination claim. 430 F.3d at 1008. The employer refused to arbitrate and the plaintiff sued for wrongful termination. *Id.* In affirming denial of the employer's request to compel arbitration, the Ninth Circuit found that "wrongful termination claims were explicitly

5

covered by the arbitration agreement." *Brown*, 430 F.3d at 1010. The employer's refusal to arbitrate was, therefore, a material breach. *See id.* at 1012.

Unlike *Brown*, Plaintiff's arbitration was neither properly initiated nor covered by the arbitration agreement. As set forth above, it did not raise the same issues as Plaintiff raises in her lawsuit. While Plaintiff argues that the Demand was an attempt to resolve wage and hour violations, the document itself shows that the subject was a "write up" she was issued for using inappropriate language. (Traub Reply Aff., Ex. A.) Plaintiff asks the Court to rule that the Demand is identical to her lawsuit, but she would not even allow the Court to *see* it. Under a summary judgment standard of review, this is a fatal error for a party seeking to avoid a dispositive ruling. *Brown* is neither analogous nor persuasive on the facts of this case.[3]

Plaintiff also errs in comparing this case to *Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192 (2d Cir. 1984). In *Downing*, a former employee sued to compel arbitration. 725 F.2d at 194. In this case, arbitration is what Defendant seeks. Moreover, in *Downing*, the court held that because Defendant had not commenced litigation of the claim submitted to arbitration and was not ordered by the arbitral authority to participate in arbitration, it had not "refused to arbitrate." 725 F.3d at 194. In that regard, no default had occurred. *See id.*

---

[3] Plaintiff also mistakenly relies on *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194 (2d Cir. 2004) and *Jacobs v. USA Track & Field*, 374 F.3d 85 (2d. Cir. 2004). Both cases provide that a "challenge to [the] arbitrability of [a plaintiff's] claims before the AAA does not constitute refusal to arbitrate." *Axtel*, 390 F.3d at 199; *Jacobs*, 374 F.3d at 89 (same). Indeed, neither *Axtel* nor *Jacobs* involves an asserted breach of an arbitration agreement, much less a basis to revoke an otherwise binding arbitration agreement. *Axtel* and *Jacobs*, if anything, support the fact that Defendant's objection to arbitrating a "write up" cannot be used as evidence that Defendant "refused to arbitrate" under its valid and uncontested arbitration agreement.

Like *Downing*, Defendant here neither filed a lawsuit pertaining to Plaintiff's arbitration demand nor received any order from the AAA to participate in arbitration. As Plaintiff correctly states, the AAA simply tried to collect an administrative fee on the infirm demand it had received from her. (*See* Docket Entry No. 27-5.) Even if Defendant had filed a lawsuit or had been ordered to arbitrate, the relief that *Downing* authorizes is not revocation or avoidance of the arbitration agreement; the relief is an order compelling arbitration, as Defendant seeks in its motion.[4]

Plaintiff also omits the critical fact that the AAA reopened her arbitration on October 27, 2016, and that she ignored the AAA's offer. When Plaintiff declined this opportunity, presumably to make the arguments she makes in her opposition to arbitration, the AAA informed her and Defendant that her arbitration may be reopened at any time, without prejudice. (*See* Traub Reply Aff., Ex. B.) Thus, Plaintiff not only fails to prove that Defendant "refused to arbitrate," she also fails to prove that she has been deprived of a forum to resolve her dispute. She cannot establish any breach or default.[5]

## CONCLUSION

Plaintiff's entire opposition is fantasy. Her brief is only helpful for what it concedes by its silence: (1) an undisputed and legally binding arbitration agreement exists between

---

[4] Regardless, objecting to the arbitrability of a particular claim does not act as the "refusal to arbitrate" that Plaintiff argues. *See, e.g., Canada Life Assur. Co. v. Guardian Life Ins. Co. of Am.*, 242 F. Supp. 2d 344, 353 (S.D.N.Y. 2003) (rejecting arguments of default where respondent properly objected to arbitrability of particular issue despite concededly binding arbitration agreement). Instead, it is part of the process for a properly initiated arbitration.

[5] Plaintiff's request for a sur-reply on Defendant's motion should be denied. "[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000). Defendant attaches Plaintiff's arbitration demand simply because Plaintiff did not, even though she made it the linchpin of her opposition.

the parties; (2) that agreement covers Plaintiff's wage and hour claims; and (3) federal and state wage and hour laws can be fully and fairly decided in arbitration. Under these circumstances, arbitration is *mandatory*. The angry effort to enlist the AAA to negate a written reprimand for using bad language last May is a red herring that should be ignored.

Dated: New York, New York
January 6, 2017

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Amy J. Traub*
Amy J. Traub
atraub@bakerlaw.com
45 Rockefeller Plaza
14th Floor
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201

John C. McIlwee (*pro hac vice*)
jmcilwee@bakerlaw.com
191 N. Wacker Dr., Ste. 3100
Chicago, IL 60606
Telephone: 312.416.6200
Facsimile: 312.416.6201

*Attorneys for Defendant*

8