**FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

| | | | | | |
|---|---|---|---|---|---|
| Andrew G. Finkelstein, P.C. (NY & NJ) * | George A. Kohl, II (NY & MA) | Kara L. Campbell (NY & CT) | David Akerib (NY) | Annie Ma (NY & NJ) |
| D. Greg Blankinship (NY & MA) | Eleanor L. Polimeni (NY) | Silvia Fermanian (NY) | Edward M. Steves (NY) | Howard S. Lipman (NY) |
| Jeremiah Frei-Pearson (NY) | Andrew L. Spitz (NY) | Marie M. DuSault (NY) | Frances M. Bova, R.N. (NY & NJ) | Noreen Tuller, R.N. (NY) |
| Todd S. Garber (NY & CT) | Thomas C. Yatto (NY) | Melody A. Gregory (NY & CT) | Mark B. Hudoba (NY) | Cristina L. Dulay ( NY & NJ ) |
| _____ | Elyssa M. Fried-DeRosa (NY) | Elizabeth A. Wolff (NY & MA) | Gustavo W. Alzugaray (NY) | Justin M. Cinnamon (NY & CT) |
| Andrew White (NY) | James W. Shuttleworth, III (NY) | Robert E. Borrero (NY) | Sharon A. Scanlan (NY & CT) | Robin N. D'Amore (NY) |
| Antonino Roman (NY) | David E. Gross (NY & NJ) * | Christine Khalili-Borna Clemens (NY & CA) | Marc S. Becker (NY) | Nicole Murphy (NY) |
| Difie Osborne (NY & NJ) | Mary Ellen Wright, R.N. (NY) * | Brian D. Acard (NY) | Antonio S. Grillo (NY & NJ) | Rodrigo Arcuri (NY) |
| John Sardesai-Grant (NY) | Kenneth B. Fromson (NY, NJ & PA) * | Nicholas Maiorano (NY & NJ) | Aparna Anantharaman (NY) | Marigold T. Bridgeman (NY) |
| **Of Counsel** | Nancy Y. Morgan (NY, NJ & PA) | Vincent J. Pastore (NY) | Vincent J. Rossillo (NY) | Melanie D. Sanders (NY) |
| George M. Levy (NY) | Lawrence D. Lissauer (NY) | Andrew J. Genna, LLM (NY & PA) | Pamela Thomas (NY & CT) | Kevin D. Burgess (NY) |
| Duncan W. Clark (NY) | Michael T. McGarry (NY) | Cynthia M. Maurer (NY & NJ) | Donald A. Crouch (NY & CT) | Warren C. George (NY) |
| Robert J. Camera (NY & NJ) | Victoria Lieb Lightcap (NY & MA) * | Michael Feldman (NY & NJ) * | Karen O'Brien (NY) | Frank R. Massaro (NY) |
| Joseph P. Rones (NY) | Ann R. Johnson (NY & CT) | Raye D. Futerfas (NJ) | Jennifer Safier (NY & NJ) | Kenneth G. Bartlett (CT & NJ) |
| Ronald Rosenkranz (NY) * | Marshall P. Richer (NY) | Linda Armatti-Epstein (NY) | Thomas P. Welch (NY) | |
| Steven Lim (NY) | Thomas J. Pronti (NY) | Kenneth Cohen (NJ) * | David Stauber (NY) | * **The Neurolaw Trial Group** |

January 18, 2017

**VIA ECF**

Hon. Vincent L. Briccetti
United States District Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   *Nadeau v. Equity Residential Properties Management Corporation*,
      Case No. 7:16-cv-7986

Dear Judge Briccetti:

      We are counsel for Plaintiff Janice Nadeau in this putative class action and write to respectfully request leave to file a sur-reply in response to Defendant Equity Residential Properties Management Corporation's ("Equity") Reply in support of its Motion to Compel Arbitration. The Court should grant leave because Defendant advanced arguments in support of the motion for the first time on Reply.[1]

      Plaintiff believes Defendant cannot compel arbitration because Defendant waived its right to compel arbitration and breached its arbitration agreement when it refused to participate in Plaintiff's properly filed arbitration, thus forcing Plaintiff to bring the instant action. In its Reply, Defendant argues, for the first time, *inter alia*, that Plaintiff's Demand for Arbitration (the "Demand") was improper and falls outside the broad scope of the arbitration agreement. Defendant also argues, for the first time, that its failure to engage with the American Arbitration Association ("AAA") regarding her claim did not result in waiver because it did not know, based on the Demand, that Plaintiff's claims implicated the labor laws regarding off-the-clock work.

      Plaintiff's Complaint explicitly alleged that Defendant had waived its right to compel arbitration (*see* Dkt. No. 1 ¶¶ 20-25), and Plaintiff's counsel informed Defendant's counsel that Defendant waived its right to compel arbitration and breached the arbitration agreement during a call prior to the Motion (*see* Dkt. No. 28, Frei-Pearson Decl. ¶ 7). Nonetheless, Defendant's

---

[1] Plaintiff has conferred with Defendant, and Defendant does not consent to Plaintiff's request for leave to file a sur-reply.

Newburgh • Albany • Binghamton • Kingston • Middletown • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • White Plains
1279 ROUTE 300, P.O. BOX 1111        Phone: (914) 298-3281  Fax: (845) 562-3492  www.fbfglaw.com        445 HAMILTON AVENUE, SUITE 605
NEWBURGH, NY  12551                                                                                      WHITE PLAINS, NY  10601

Motion did not substantively address waiver or breach.  (*See* Dkt. No. 17, Memorandum of Law in Support of Defendant's Motion to Compel Arbitration at 5.)  Instead, Defendant's Motion simply stated that Defendant would address in its Reply any argument that it had waived its right to compel arbitration.  (*Id.*)  Because Defendant substantively addresses its waiver and breach for the first time on Reply, a sur-reply is warranted.  *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

In addition, Defendant's Reply submits additional documents for the first time.  (Dkt. Nos. 30-1 & 30-2.)  These documents were available to Defendant when it filed its Motion, but Defendant filed them for the first time on Reply.  "It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden."  *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (granting application to consider sur-reply where movant provided new evidence on reply); *accord U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10-cv-5484-VB, Dkt. No. 44 (S.D.N.Y. Jun. 6, 2011) (Briccetti, J.) (granting request for leave to file sur-reply where reply papers provided previously undisclosed information).  A sur-reply is warranted to address Defendant's characterization of these newly presented documents.

Accordingly, Plaintiff respectfully requests leave to file a sur-reply, so that she may respond to the novel arguments and information in Defendant's Reply.[2]

Respectfully Submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By:   */s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com

cc:    All counsel (via ECF)

---

[2] A proposed sur-reply is annexed hereto as Exhibit 1.

2